IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO.: 7:24-CR-91-D-BM-1
NO.: 7:24-CR-91-D-BM-2

| UNITED STATES OF AMERICA | |
|---|---|
| v. | INDICTMENT |
| DARTEZ OMAR FAULK<br>aka "Tez," "Pollo" | |
| ROSALIND CAROL COMFORT<br>aka "Vibe" | |

The Grand Jury charges that:

## COUNT ONE

Beginning on or about January 22, 2024, and continuing through on or about January 29, 2024, in the Eastern District of North Carolina, the defendants, DARTEZ OMAR FAULK aka "Tez" and "Pollo" and ROSALIND CAROL COMFORT aka "Vibe," in and affecting interstate commerce, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide, obtain, and maintain by any means A.A. knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion would be used to cause A.A. to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1), all in violation of Title 18, United States Code, Section 1594(c).

## COUNT TWO

Beginning on or about January 22, 2024, and continuing through on or about January 29, 2024, in the Eastern District of North Carolina, the defendants, DARTEZ

1

OMAR FAULK aka "Tez" and "Pollo" and ROSALIND CAROL COMFORT aka "Vibe," aiding and abetting each other, in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained A.A., knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion would be used to cause A.A. to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1), *and 2.* EB

## COUNT THREE

Beginning on or about January 22, 2024, and continuing through on or about January 29, 2024, in the Eastern District of North Carolina, the defendants, DARTEZ OMAR FAULK aka "Tez" and "Pollo" and ROSALIND CAROL COMFORT aka "Vibe," aiding and abetting each other, knowingly traveled and used a facility in interstate commerce, namely, the Internet, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the laws of North Carolina, and thereafter, performed and attempted to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

2

## FORFEITURE

Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1591 and 1594(c) (Counts One and Two), the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d), all his right, title, and interest in:

1. Any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

2. Any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation.

Upon conviction of the offense in violation of Title 18, United States Code, Section 1952 (Count Three), the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) (as made applicable by Title 28, United States Code, Section 2461(c)), all his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

The forfeitable property includes, but is not limited to:

   a. A blue Motorola cell phone with blue and purple locked screen seized from ROSALIND COMFORT on January 29, 2024.

   b. A black Samsung phone, IMEI 352958248882618, in green Otterbox case seized from ROSALIND COMFORT on January 29, 2024.

   c. A gray Samsung phone, IMEI 354229111991102 seized from A.A. on January 29, 2024

If any of the above-described forfeitable property, as a result of any act or omission of the defendant --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), through Title 18, United States Code, Sections 2253 or 1467, whichever may be applicable, to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

Date: 22 OCT 24

MICHAEL F. EASLEY, JR.
United States Attorney

*[signature]*

ERIN C. BLONDEL
Assistant United States Attorney

4